**Angelica Mauricio DOMINGUEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–70864.

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.*

Filed July 10, 2008.

Angelica Mauricio Dominguez, Westminister, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Angelica Mauricio Dominguez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's decision pretermitting her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We grant the petition for review and remand.

An intervening change in the law requires us to remand on the issue of continuous physical presence. In *Ibarra–Flores,* we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the departure's terms and knowingly and voluntarily accepts them. *See id.; see also Tapia v. Gonzales,* 430 F.3d 997, 1004 (9th Cir.2005). There is no indication in the record that Dominguez was informed of her departure's terms or that she accepted them voluntarily and knowingly. We therefore grant the petition for review and remand for further proceedings.

In light of our disposition, we need not reach Dominguez's other contentions, and we deny her motion to remand as moot.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.